## EX PARTE VERNON T. SANFORD

No. 28,323. May 2, 1956.

*John B. McNamara Jr.,* Waco, *Looney, Clark & Moorhead, Mary Joe Carroll, Everett L. Looney,* and *R. Dean Moorhead,* Austin, for relator.

*Tom Moore, Jr.,* Criminal District Attorney, *Burney G. Walker,* Assistant Criminal District Attorney, Waco, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Relator's application direct to this court for the writ of habeas corpus was granted. In granting the writ, we directed that the facts touching the relief prayed for be developed and certified to this court. This order has been complied with and the questions presented by the writ are before us for determination.

Relator stands charged by two felony indictments in the 54th Judicial District Court of McLennan County.

The charging part of one of the indictments reads as follows:

"\* \* \* did then and there make an unlawful expenditure, in the Democratic Primary, in the amount of Thirty-Five and no/100 ($35.00) Dollars for newspaper advertising to aid Ben Ramsey, a candidate for nomination for the office of Lieutenant Governor of the State of Texas."

A second indictment pending against relator is identical except that it alleges an expenditure of $41.25 on a different date, one month apart.

It is relator's contention that the statute upon which the indictments are founded is void, and that the indictments charge the commission by him of no act made unlawful by the statute law of this state.

The basis of such contention is, first, that there exists no definite or fixed penalty for the unlawful act charged and that, by reason thereof, there is no valid statute prohibiting the doing of the acts set forth in the indictments; secondly, that any statute making unlawful the acts set forth in the indictments and fixing a punishment therefor is void because of its being in contravention of constitutional guarantees of freedom of speech and of the press.

We assume for the purpose of this proceeding that the indictments charge a violation of Art. 14.04 of the Election Code of this state (Vernon's Tex. Stat. 1952 Supplement), the same being Sec. 240 of Chap. 492, Acts of the Regular Session of the 52nd Legislature, in 1951.

Said Art. 14.04 reads as follows:

"(a) It shall be lawful for any person other than a corporation to make campaign contributions to be paid directly to a candidate, his campaign manager, or assistant campaign manager, such contributions to be used for the purpose set forth in the preceding Section.

"(b) It shall be lawful for any person to expend a sum which shall not in the aggregate exceed Twenty-five Dollars ($25) for postage, or telegraph or telephone tolls, or for costs of any correspondence, or any other lawful purpose out of his own funds to aid or defeat any candidate, where the sum is not to be repaid to him.

"(c) It shall be lawful for any person to contribute his

own personal services and personal traveling expenses to aid or defeat any candidate.

"(d) Except as expressly permitted by Paragraphs (a), (b), and (c) of this Section it shall be unlawful for any person, other than a candidate, his campaign manager, or his assistant campaign manager, to make or authorize any campaign expenditure. Except as provided in Paragraphs (a), (b), and (c) of this Section campaign expenditures must be made by the candidate, his campaign manager, or his assistant campaign manager."

Only Sections (b) and (d) are here pertinent.

There is no escape from the conclusion that, when read in connection with Art. 14.03 of the Election Code, said sections make it unlawful for any person, other than the candidate, his campaign manager, or assistant campaign manager, to spend in excess of twenty-five dollars for all lawful purposes, including newspaper advertising to aid a candidate for public office.

The penalty affixed to a violation of that law is provided by Art. 14.06 of the Election Code, which reads as follows:

"Any candidate, campaign manager, assistant campaign manager, or other person, who makes an unlawful expenditure in violation of the foregoing Sections of this Chapter shall be fined not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000), or be imprisoned in the penitentiary not less than one (1) nor more than five (5) years, or be both fined and imprisoned."

In so far as this proceeding is concerned, relator stands charged by indictments with a violation of Art. 14.04 of the Election Code.

Art. 265, P.C., was enacted in 1919, and, unless repealed, is now a part of the statute law of this state.

That article provides that is it lawful for any person to expend out of his own funds in behalf of any one candidate not to exceed ten dollars. The article makes it unlawful for a person other than the candidate or his campaign managers to expend any money or authorize any expenditure for the purpose of aiding or defeating a candidate for public office in excess

of ten dollars. The punishment provided for a violation of that statute is stated as follows:

"* * * by a fine not to exceed one thousand dollars or by confinement in jail for not more than one year, or by both such fine and imprisonment, or by confinement in the penitentiary for not less than one nor more than five years."

In so far as this proceeding is concerned, it may also be said that relator stands charged by indictments with a violation of Art. 265, P.C.

It becomes material to determine wherein the two statutes, Art. 14.04 of the Election Code and Art. 265, P.C., are similar and, then, wherein they differ.

Each statute has for its purpose the limitation of campaign expenditures by persons other than the candidate or his campaign managers. Each statute makes it unlawful for any person other than the candidate or his campaign managers to expend in aid of the candidate an amount in excess of twenty-five dollars. Each statute denounces a violation thereof as a felony offense.

Wherein do the two statutes differ?

Under Art. 14.04, it is not unlawful for any person other than the candidate or his campaign managers to expend in aid of the candidate any sum of money in excess of $10 and not in excess of $25. Under Art. 265, P.C., such an expenditure is unlawful and constitutes a violation thereof.

Hence, under Art. 14.04, such person may lawfully expend for newspaper advertising to aid a candidate for public office the sum of twenty-five dollars. Under Art. 265, P.C., the same act is unlawful and is a felony. One statute makes lawful that which the other makes unlawful.

The penalty affixed for a violation of each statute is different. Under Art. 14.06 of the Election Code, the statute which provides the penalty for a violation of Art. 14.04, a fine of not less than $100 nor more than $5,000 may be assessed. Under Art. 265, P.C., a fine of from $1.00 to $1,000 may be assessed. Hence, the punishment of fine differs both in the minimum and maximum amounts that may be assessed.

Under Art. 14.06, no term of imprisonment in jail is authorized to be affixed as punishment, while under Art. 265, P.C., a term of confinement in jail not exceeding one year may be assessed. Hence, one statute authorizes the infliction of a jail penalty, while the other does not.

Each statute authorizes a term of not less than one nor more than five years' confinement in the penitentiary to be assessed.

It is apparent, therefore, that the two statutes are in irreconcilable conflict, both as to the offense denounced and the penalties applied to a violation thereof.

The question remaining, then, is this: Is Art. 265, P.C., now a part of the statute law of this state, or has it been repealed?

The only existing laws which are thereby repealed by direct reference are those set forth in Sec. 2 of Art. 14.12 of the Election Code, which reads as follows:

"That all elections and all laws relating to suffrage and parties, as found in Title 50 of the Revised Civil Statutes of Texas of 1925, and all amendments thereto, be and the same are hereby repealed, provided, however, that nothing in this Act shall be construed as repealing or in any way affecting the legality of *any penal provision* of the existing law; and this Act shall be construed to be an independent Act of the Legislature enacted under the caption hereof, and the Sections contained in this Act, as revised, rewritten, changed, combined and codified shall be the governing law of this State." (Emphasis, supplied.)

Any other laws repealed must come within Art. 14.11 of the Election Code, which reads as follows:

"Repeal of conflicting laws.

"All laws and parts of laws in conflict herewith are repealed in so far as such laws are in actual conflict with the provisions of this code and in case of such conflict the provisions of this code shall control and be effective. However, nothing in this act shall be construed to nullify or repeal any Act of the Legislature passed at the Regular Session of the Fifty-second Legislature."

To determine, then, what existing laws were repealed by

the enactment of the Election Code, the two articles, 14.11 and 14.12, should be considered together.

The practical effect of Sec. 2 of Art. 14.12 is to repeal the civil statutes and, inasmuch as Art. 265, P.C., is no part of Title 50 of the Revised Civil Statutes, no express repeal thereof was effected.

Such construction is also required by reason of the further wording of Sec. 2 of Art. 14.12 of the Election Code, wherein it is stated:

"* * * provided, however, that nothing in this Act shall be construed as repealing or in any way affecting the legality of any penal provision of the existing law."

If the penal provision of other existing laws relating to elections was not repealed or "in any way" affected by the enactment of the Election Code, then, of necessity, those laws were saved and protected against repeal by the Election Code, because if the penal provision of such laws was to remain in force and effect the law upon which that penal provision operated must also remain intact. There could hardly exist a valid penal provision without some statute denouncing an offense to which the penal provision applied and operated.

Does the repeal clause (Art. 14.11), above set out, preclude the construction stated?

It must be remembered that Art. 14.11 is a general statute. It repeals all actual conflicting laws to the extent of the conflict. No specific reference is made to any statute or law.

The saving provision of Sec. 2 of Art. 14.12 is specific and has a direct reference to specific laws—that is, to penal provisions of existing laws.

It is a rule of statutory construction that where conflicts exist in two statutes, one general and the other special, the special statute controls over the general statute as to such conflict. 34 Tex. Digest, Statutes, Key 207, page 479, and authorities there collated.

The general repealing clause cannot be said to destroy or nullify the saving provision of Sec. 2 of Art. 14.12.

From what has been said, it is apparent that the legislature, in the passage of the Election Code, exempted Art. 265, P.C., from the provisions thereof and left such article in full force and effect.

So, then, we have two penal statutes, Art. 14.04 of the Election Code and Art. 265, P.C., which relate to the same subject matter and are in direct conflict with each other not only as to the offense created but the punishment authorized to be fixed for a violation thereof.

The question remains, then: Do both statutes fall? If they do not, which statute remains in force and effect?

The prior decisions of this court appear to answer the above questions.

In Moran v. State, 135 Tex. Cr. R. 645, 122 S.W. 2d 318, we held that where each of two statutes made unlawful the possession of whisky on premises where beer is sold under a permit and each statute imposed a different penalty for a violation thereof, neither statute was valid. Such holding was followed in Stevenson v. State, 145 Tex. Cr. R. 312, 167 S.W. 2d 1027, wherein it was held that inasmuch as three statutes defined the offense of water polluting and each provided a different penalty for a violation thereof, all three statutes were invalid. See, also, Cooper v. State, 25 Tex. App. 530, 8 S.W. 654.

The authorities cited and the rule announced thereby are directly applicable and controlling here, for the acts which are alleged to be unlawful in the indictments constitute a violation of and are punishable by each of the two statutes mentioned. Yet the punishment affixed to a violation of one of the statutes is materially different from that in the other.

It follows that there is no definite penalty fixed by law for the commission of the unlawful acts charged.

It is apparent, therefore, that neither of the two statutes is valid. Both are invalid.

The conclusion expressed renders unnecessary a determination as to the validity of the statutes as against the constitutional guarantees mentioned.

It follows that there exists in this state no valid statute de-

nouncing as an offense and fixing a punishment therefor the acts charged against relator in the pending indictments.

Relator is entitled to and should be discharged. It is so ordered.