

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 19, 1960

Mr. P. D. Thornton, Jr.
County Attorney
Mt. Pleasant, Texas

Opinion No. WW-974

Re: Whether acceptance of certain
political advertising by news-
paper publishers violates Art.
211 of the Penal Code or Art.
14.10 of the Election Code.

Dear Mr. Thornton:

You have asked our opinion in regard to the following material published in one of your local papers:

"It's Clean-up and Clean-out Time

It's been a long, hard winter. As any fool can plainly see it's time to clean up and clean out.

The plain folks of Titus County have also had a long winter. For several years, the little clique who have been running things political in Titus County have been warm and cozy. They have treated the people with contempt. They have hiked their salaries and squandered the taxpayers money, and dared you to do anything about it.

If you have had enough of the highhanded tactics of the crowd who are in, then do something now. Don't wait until the election is over. The time to do something about it is now, and the way to do something about it is to get your friends and neighbors and go to the polls Saturday, May 7th and vote for a change.

It's Clean up and Clean out time at the Courthouse.

This Ad Pd. for as a public service by Tax Payers Not 'Tax-eaters.' "

Specifically you ask:

"(1) Is the acceptance by a publisher of an ad such as one enclosed a violation of both Art. 211 of the Penal Code and Art. 14.10 of the Election Code when the ad submitted is not signed by the person submitting the ad or the person paying for same.

(2) Considering the requirement of Art. 211 and the penalty clause in said Art. 211, is the failure to publish a signature on such an ad a violation of the law, punishable as a misdemeanor, or is the requirement that a signature be printed in that ad a nullity by reason of a failure to specifically include such requirement of a signature in the penalty provision in said Article.

(3) Is the provision "This Ad Pd. for as a public service by Tax Payers Not 'Tax-eaters.'" sufficient to designate the ad enclosed as political advertising."

Initially and in response to your third question we point out that Art. 211 of the Penal Code requires that political advertising be labeled at the beginning or at the end "advertisement" and provides a penalty of from $500 to $1000 or a jail sentence of from 10 to 30 days for failure to so label. Art. 14.10, Texas Election Code, requires that such advertising be labeled as political advertising and provides a penalty of not more than $100. This, we believe to be a conflict such as to render the labeling provisions of both Articles nullities. Ex Parte Sanford, 289 S.W.2d 776.

You have pointed out that the penalty clause of Art. 211 fails to include the signature requirement contained in the preceding provisions of said articles. Article 7, Penal Code, provides in part: ". . . no person shall be punished for an offense which is not made penal by the plain import of the words of a law." Consequently, we conclude in answer to your second question that a prosecution for publication of an unsigned political advertisement cannot be maintained under Art. 211, Penal Code.

We turn now to the question of whether or not the acceptance by a publisher of the above material, not signed by the person paying for same is a violation of Art. 14.10 of the Election Code.

The printed matter to which this article is applicable must be "in favor of or in opposition to any candidate." We think that the import of the material is such as to identify it as being in opposition to any county official running for reelection and, as such, it is within the purview of the Article. The publisher having accepted it for publication without its being signed by the person paying for same, such action constitutes a violation of Art. 14.10.

(In your opinion request you allude to similar advertisements published in connection with bond issues. We, of course, cannot pass upon the legality of material which we have not seen. It should be pointed out that Art. 14.10 refers to printed matter for or against a "candidate." This would not include printed urgings to vote for or against propositions.)

## SUMMARY

The acceptance by the publisher of the particular political advertisement submitted with the opinion request is a violation of Art. 14.10 of the Election Code.

Very truly yours,

WILL WILSON
Attorney General of Texas

By R. V. Loftin
R. V. Loftin
Assistant Attorney General

RVL:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
C. Dean Davis
Robt. G. Scofield
Elmer McVey
Gordon Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore