

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 7, 1961

Honorable Frank Briscoe
District Attorney
Harris County
Houston, Texas

Dear Sir:

Opinion No. WW-1075

Re: Whether Articles 224 and 225
of Vernon's Penal Code, in
reference to aiding voters,
apply to election officials
where voting machines are
used.

Your letter of May 11, 1961, requests the opinion of this Department relating to certain penalties applying to violation of the election laws. Paragraph one of your letter states as follows:

"This office has had several complaints that election officials have gone into voting machines with voters behind the closed curtain, and that they had turned the levers for the voters. The voters in these cases were not incapacitated in any way."

You are seeking our opinion as to whether or not the penal provisions of Articles 224 and 225, V.P.C., would apply in precincts where voting machines are used.

Section 23, Article 7.14, V.A.T.S., Election Code, provides in part as follows:

"The provisions of all other laws, relating to the conduct of elections or primary elections, shall so far as practicable, apply to the conduct of elections and primary elections where voting machines are used, unless herein otherwise provided. . ." (Emphasis added.)

Article 224, V.P.C., is quoted as follows:

"Not more than one person at the same time shall be permitted to occupy more than one compartment, voting booth or place prepared for a voter, nor shall any assistance be given a voter in preparing his ballot except when a voter is unable to prepare the same himself because of some bodily infirmity such as renders

him physically unable to write, or is <u>over sixty</u>
<u>years of age</u> and is unable to read and write, in
which case <u>two judges of such election shall assist</u>
<u>him</u>, they having been first sworn that they will
not suggest by word or sign or gesture how such
voter shall vote, and that they will confine their
assistance to answering his questions, to naming
candidates and the political parties to which they
belong, and that they will <u>prepare his ballot</u> as
such voter himself shall direct; provided that the
voter must in every case explain in the English
language how he wishes to vote, and no judge of the
election shall use any other than the English
language in aiding the voter, or in performing any
of his duties as such judge, and in all cases where
assistance is given hereunder, <u>two judges of the</u>
<u>election shall assist such voter</u>, they having been
first sworn that they will not suggest by word, sign
or gesture, how such voter shall vote, that they will
confine their assistance to answering his questions
in the English language, to naming candidates and if
the voting be at a general election to naming the
parties to which such candidates belong and that they
will prepare the ballot as such voter directs, in the
English language.  If the election be a general e-
lection, the judges who assist such voter shall be of
different political parties, if there be such judges
present, and if the election be a primary election, a
supervisor, or supervisors may be present when the
assistance herein permitted is being given, but such
supervisor must remain silent except in cases of ir-
regularity or violation of this law.  Any judge or
other officer of an election who shall violate any
provision of this article shall be fined not less
than two hundred nor more than five hundred dollars,
or be confined in jail for not less than two nor more
than twelve months, or both."  (Emphasis added.)

Article 225, V.P.C., provides as follows:

"Any judge or other officer at an election who
assists any voter to prepare his ballot except when
a voter is unable to prepare the same on account of

blindness or some bodily infirmity such as renders
him unable to write, or is over sixty years of age,
or who shall aid such voter by using any other than
the English language, and any judge <u>or other officer</u>
of an election who in <u>assisting</u> a voter so incapaci-
tated, or over sixty years of age in the preparation
of his or her ballot shall prepare the same other-
wise than said voter shall direct in the English
language shall be fined not less than $200.00 nor
more than $500.00 or by confinement in jail not less
than two nor more than twelve months, or both."
(Emphasis added.)

At the outset it should be observed that Articles 224 and 225
of the Penal Code are not in every respect consistent with the pro-
visions of the Election Code relating to assistance to voters. The
only ground upon which assistance is permitted in the Election Code is
bodily infirmity rendering the voter physically unable to write or to
see (Article 8.13) or physically unable to operate the voting machine
or to see (Section 15 of Article 7.14). Assistance rendered to voters
over sixty years of age who are unable to read and write is not illegal
under Articles 224 and 225 of the Penal Code, although it is unauthorized
in the Election Code. This discrepancy is explained by the fact that
Article 3010, Revised Civil Statutes of 1925, formerly permitted as-
sistance to voters over sixty years old who were unable to read and write,
but this provision was deleted when Article 3010 was carried into the
Election Code of 1951, without a corresponding change in Articles 224
and 225 of the Penal Code. See Att'y. Gen. Op. V-1524 (1952).

The Election Code provides that assistance rendered in vio-
lation of its provisions shall invalidate the ballot, but it does not
contain any criminal penalty for assistance which is prohibited by its
provisions. The only penal statutes relating to this subject are Articles
224 and 225 of the Penal Code. Although the Election Code is more re-
strictive than the Penal Code on the classes of voters who may be assisted,
this fact does not prevent enforcement of the Penal Code provisions if
they are still in effect.

The Election Code was enacted by Section 1 of Chapter 492, Acts
of the 52nd Legislature, 1951. Article 14.11 of the Election Code pro-
vides:

"All laws and parts of laws in conflict herewith
are repealed in so far as such laws are in actual
conflict with the provisions of this code and in

case of such conflict the provisions of this code
shall control and be effective. . ."

The acts which are made an offense under the Penal Code are
also prohibited by the Election Code, and consequently these penal pro-
visions prescribing an offense would not come within this provision for
repeal of laws in actual conflict with the provisions of the Election
Code, since there is no conflict on this point. Moreover, the provisions
of the Penal Code were expressly saved from repeal by Section 2 of Chapter
492, which reads as follows:

"Sec. 2. That all elections and all laws relating
to suffrage and parties, as found in Title 50 of the
Revised Civil Statutes of Texas of 1925, and all amend-
ments thereto, be and the same are hereby repealed,
provided, however, that nothing in this Act shall be
construed as repealing or in any way affecting the
legality of any penal provision of the existing law;
. . ." (Emphasis added.)

In Ex parte Sanford, 163 Tex.Crim. 160, 289 S.W.2d 776 (1956),
the Court of Criminal Appeals held that the saving clause in Section 2 of
Chapter 492 exempted the articles of the Penal Code from the general re-
peal contained in Article 14.11 of the Election Code and left them in full
force and effect.

We come, then, to the question of whether Articles 224 and 225
of the Penal Code apply in precincts where voting machines are used. These
articles relate to assistance given a voter in preparing his ballot.
From a careful examination of their provisions, we fail to find any
language that could be construed to define the ballot or voting in such
a manner as to restrict the method to be used in casting the ballot. The
execution of the ballot could be by means of pencil, pen and ink, type-
writer or other machines, insofar as these articles are concerned, as no
attempt was made by the Legislature to select the means to be employed in
voting. Voting machines have been held to be a lawful means of casting
a ballot. Wood v. State, 133 Tex. 110, 126 S.W.2d 4 (1939); Reynolds v.
Dallas County, 203 S.W.2d 320 (Civ.App. 1947).

The last revision of Articles 224 and 225 was in 1919, long
before the voting machine was adopted as a lawful means of voting in
Texas. Nevertheless, the Legislature left the laws open to the use of
any method which would accomplish an orderly and legal casting of the
ballot, preserve the purity of such and the guarantees provided by
Article VI, Section 4 of the Constitution of Texas.

Section 25 of Article 7.14 contains the following definition:

"The list of candidates and offices and/or propositions to be voted for or against, used or to be used on the front of the voting machine shall be deemed official ballots for the purpose of precinct using machines."

A very comprehensive discussion of the question of whether a voter is casting a "ballot" when he votes by means of a voting machine is found in the opinion of the Supreme Court in Wood v. State, supra. From the opinion we quote the following:

"However, since we do not agree with the holding of the Court of Civil Appeals in regard to this matter, and in view of the fact that this case must be reversed and remanded, we find it necessary, in view of another trial, to decide the constitutionality of these voting machines. The constitutional provision in question reads as follows: 'Sec. 4. In all elections by the people the vote shall be by ballot and the Legislature shall provide for the numbering of tickets and make such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot box and the Legislature may provide by law for the registration of all voters in all cities containing a population of ten thousand inhabitants or more.'

"It will be noted that the constitutional provision just quoted in effect contains four distinct provisions. The first two of these provisions are mandatory. The four provisions referred to are as follows:

". . .

"The first requirement of the above constitutional provision is that in all elections by the people the vote shall be by ballot. We think that this provision simply means that the voter in all elections shall be accorded a secret vote or ballot. [Citing authorities.] It is conclusive that this machine accords a secret ballot. It is therefore not unconsitutional on that score."

Articles 224 and 225 assess a penalty against "any judge or other officer" of an election who renders assistance in violation of their

provisions. Section 24 of Article 7.14 provides for the appointment of a presiding officer and a certain number of clerks as election officers in precincts where voting machines are used. This section also provides for the appointment of watchers, who, by Section 25 of Article 7.14, are defined as officials of the election.

Your request refers to a situation where "elections officials" have gone into voting machines and turned the levers to vote for the voter. "Officials" are identified in the preceding paragraph. Our opinion is directed to the proposition as to whether the penal provisions of Articles 224 and 225 are applicable in precincts where voting machines are used. We must approach the question by trying to determine the intent of the Legislature when it authorized voting machines as a lawful means for casting a ballot, keeping in view at all times the old law, the evil and the remedy. Section 23 of Article 7.14 of the Election Code makes all other laws applicable to elections where voting machines are used, obviously applying to penal statutes as well as others. We are therefore constrained to the view that Articles 224 and 225 are valid existing laws and that the provisions thereof apply to the conduct of elections where voting machines are used, in that the voting machine "accords a . . . ballot" (Wood v. State, supra) and "the list of candidates and offices and/or propositions to be voted for or against, used or to be used on the front of the voting machine shall be deemed official ballots for the purpose of precinct(s) using machines." Sec. 25 of Art. 7.14 of the Election Code.

## SUMMARY

The use of a voting machine, in counties where voting machines are used, constitutes a valid "ballot", and an election officer in a precinct where voting machines are used who assists a voter contrary to the provisions of Articles 224 and 225 of the Penal Code may be prosecuted thereunder.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Mary K. Wall
Elmer McVey
Leon Pesek
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Morgan Nesbitt