The STATE of Texas, Appellant,

v.

Irma GONZALES a/k/a Irma Gonzales Munoz, Appellee.

No. 03–00–00187–CR.

Court of Appeals of Texas, Austin.

Aug. 31, 2000.

Thomas M. Goff, County Atty., San Angelo, for Appellant.

Before Justices JONES, YEAKEL and PATTERSON.

LEE YEAKEL, Justice.

The State filed an information alleging that appellee Irma Gonzales

on or about the 29th day of August, 1999, . . . operate[d] a motor vehicle in a public place while intoxicated, in that the said [appellee] did not have the normal use of her mental or physical faculties by reason of the introduction of alcohol into her body and had an alcohol concentration of 0.08 or more . . . .

*See* Tex. Penal Code Ann. § 49.04 (West Supp.2000). On the date alleged, "intoxicated" was defined as not having the normal use of mental or physical faculties by reason of the introduction of alcohol or other proscribed substance into the body, or as having an alcohol concentration of 0.10 or more. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01, 1993 Tex. Gen. Laws 3586, 3696 (Tex. Penal Code Ann. § 49.01(2)(A), (B), since amended). The county court at law judge dismissed "this cause" on her own motion, apparently because the alcohol concentration alleged in the information is below the statutorily prescribed minimum.[1] The State appeals. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp.2000); *see also State v. Moreno,* 807 S.W.2d 327, 334 (Tex.Crim.App.1991) (State may appeal "whenever the effect of [the] order forces any alteration of the indictment or information before the trial on the merits"). We will reverse.

 In the absence of specific authority, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney. *See State v. Terrazas,* 962 S.W.2d 38, 40–41 (Tex.Crim.App.1998); *State v. Johnson,* 821 S.W.2d 609, 613 (Tex.Crim.App.1991); *State v. Gray,* 801 S.W.2d 10, 11 (Tex.App.—Austin 1990, no pet.). A trial court may dismiss a prosecution without the State's consent when the defendant's motion to set aside the charging instrument is granted. *See Gray,* 801 S.W.2d at 11. The appellee did not move to set aside or quash the information in this cause, however.

 In a prosecution for driving while intoxicated, the State may prove intoxication by reason of a loss of faculties or by reason of alcohol concentration (intoxication *per se* ). *See Daricek v. State,* 875 S.W.2d 770, 771–72 (Tex.App.—Austin 1994, pet. ref'd). The information in this cause attempts to allege both theories of the offense. While the information fails to allege the *per se* theory for the reason stated above, it properly alleges the loss of faculties theory and is sufficient to vest jurisdiction in the county court at law. *See Duron v. State,* 956 S.W.2d 547, 551 (Tex.Crim.App.1997). The State was free to abandon the *per se* theory and prosecute the appellee on the loss of faculties theory. *See Eastep v. State,* 941 S.W.2d 130, 133–34 (Tex.Crim.App.1997).

For the reasons stated, the order of dismissal is reversed and the cause is remanded to the county court at law for further proceedings.

---

**1.** No motion to dismiss or quash was filed by the appellee, and the court's order does not state the ground for dismissal. A docket entry reads, "Case dismissed by Court—information in error as to language in charge."