Michael Gerard LANDRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00599–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 6, 2001.

Rehearing Overruled Nov. 8, 2001.

Robert J. Inger, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and WITTIG.

## OPINION

YATES, Justice.

A jury convicted appellant, Michael Gerard Landry, of water pollution[1] and assessed a fine of $50,000.00. In four points of error, appellant claims (1) the evidence is legally insufficient; (2) sections 7.146 and 7.147 of the Water Code are unconstitutional; and (3) the court abused its discretion in failing to instruct the jury on both paragraphs in the State's information without election or motion by the State. We affirm.

### I. Introduction

Appellant lives on approximately five acres of land located next to a tributary which flows into White Oak Bayou. The evidence shows that on February 3, 1998, police were called to appellant's property in response to a call from a neighbor alleging appellant was illegally dumping raw sewage on his property that was making its way into a nearby bayou. H.P.D. Officer Diana Poor went to the residence four days later and spoke with appellant. Poor testified that she observed a 6″ PVC pipe coming out of the ground leading towards the tributary, stopping just four or five

---

1. TEX. WATER CODE ANN. § 7.146 (Vernon 2000).

feet from the bayou.[2] Poor further testified that the water on appellant's property leading from this pipe flowed in a V-shaped pattern towards the bayou. A photograph was introduced into evidence showing a "milky-colored" accumulation of an unidentified substance at the end of the hose. Finally, Poor testified that the area smelled of sewage.

Based on Poor's preliminary investigation, Officer Dicker of the Environmental Investigation Unit was called to inspect the property. On February 9, 1998, Officer Dicker and Inspector Montgomery of the Vermin Investigation Unit visited with appellant regarding the sewage and inspected the property. Montgomery took an environmental sample at the sewage source. Appellant explained that his septic tank was blocked, so he was using a pump and garden hose to release pressure and discharge sewage onto his property to alleviate the problem. The results of the sampling showed 5,000,000 fecal coliform colonies per 100 milliliters.[3]

The State charged appellant with two counts of water pollution. At the end of the first day of trial, the court indicated the State had failed to present any evidence on one of the elements from the first paragraph of the information. The next morning, after calling one more witness, the court informed the jury that the State abandoned the first paragraph of the information. The State proceeded on the remaining paragraph and the jury returned a guilty verdict, assessing punishment at a fine of $50,000.00. Appellant now brings this appeal.

## II. Sufficiency of the Evidence

■ In two of his points of error, appellant claims that the State's evidence was insufficient to convict him of water pollution. Because both points seek an acquittal, we read appellant's argument as raising a claim only as to the legal sufficiency of the evidence. *See Ladd v. State,* 3 S.W.3d 547, 557 (Tex.Crim.App.1999). The standard of review for legal sufficiency is well-established. *See, e.g., Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex.Crim. App.2000). Because the evidence must be viewed in the light most favorable to the jury verdict, evidence is legally insufficient only if no rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Appellant first claims that the evidence is insufficient because only one sample of water was taken from appellant's property and that sample came from property "near his septic tank." Accordingly, he concludes that the evidence does not show "the sewage from [his] hose entered a waterway."

■ With respect to his first point, appellant appears to misread the information. Paragraph two of the information alleges, consistent with section 7.146 of the Water Code, that appellant discharged "sewage, from a point source, namely a hose ... *into or adjacent to* any water in the State." (Emphasis our own.) Therefore, the State was not required to prove that the pollution actually entered a State waterway. Instead, the State was required to prove, at a minimum, that the discharge occurred adjacent to State water. The State presented evidence that the pool of sewage on appellant's property

---

**2.** Both the witnesses and counsel interchanged the terms tributary and bayou.

**3.** Appellant does not dispute that the maximum applicable measure is 4,000 per 100 milliliters.

flowed in a V-shape towards State water.[4] As appellant recognizes, Officer Poor testified that the ground was wet and that the "dampness went down to where the [White Oak] Bayou water was."

In his third point of error, appellant complains the evidence fails to establish that the water was in Texas or that the water was not on private property. We disagree.[5] First, Officer Poor testified that her patrol was entirely within the limits of Harris County. She further testified appellant's residence was located within Harris County. Finally, she testified that the dampness went down an embankment to "where [White Oak] Bayou was." Appellant does not assert that White Oak Bayou is his private property.[6] Nor could he. The rules of evidence allow a court, including this court, to take judicial notice of a fact "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX.R. EVID. 201(b); *see also In re Barr*, 13 S.W.3d 525, 550 n. 23 (Tex.Rev.Trib.1998, no appeal) (court of appeals may take judicial notice of facts that are notorious, well known, or easily ascertainable even if not judicially noticed in the trial court). Given the broad definition of water, which includes "beds and banks of all watercourses and bodies of surface water," *see* TEX. WA-TER CODE ANN. § 26.001(5), we find the evidence amply supports the jury's verdict.

## III. Constitutionality of Conflicting Provisions of Water Code

In his second point of error, appellant also claims that sections 7.146 and 7.147 of the Texas Water Code are unconstitutionally in conflict. Although nowhere expressly stated in his brief, appellant's argument seems to be that, because the two statutes are in direct conflict, each renders the other void. *See Ex parte Sanford*, 163 Tex.Crim. 160, 289 S.W.2d 776, 780 (1956) (voiding two provisions of Election Code in direct conflict). A claim that a statute is void may be raised for the first time on appeal. *McGowan v. State*, 938 S.W.2d 732, 741 (Tex.App.—Houston [14th Dist.] 1997), *aff'd sub nom. Weightman v. State*, 975 S.W.2d 621 (Tex.Crim.App. 1998). The two are not in conflict. Section 7.146 requires the State to show the defendant (1) intentionally or knowingly (2) discharged or allowed a discharge (3) of waste or a pollutant (4) from a point source (5) in violation of Chapter 26 or of a rule, permit, or order of the appropriate regulatory agency. TEX. WATER CODE ANN. § 7.146 (Vernon 2000). Section 7.147, on the other hand, requires no *mens rea*, providing liability where (1) the discharge of waste (2) causes or threatens to cause pollution (3) unless the discharge occurs in

---

**4.** Appellant admitted he used the hose to intentionally discharge sewage onto his property to alleviate the sewage back-up in his home. The flow patterns from the hose to the tributary allow a rational jury to infer that the sewage went into or adjacent to the bayou.

**5.** The Water Code broadly defines " 'water' or 'water in the state,' " to include "groundwater, percolating or otherwise, lakes, bays, ponds, impounding reservoirs, springs, rivers, streams, creeks, estuaries, marshes, inlets, canals, the Gulf of Mexico, inside the territorial limits of the state, and all other bodies of

surface water, natural or artificial, inland or coastal, fresh or salt, navigable or nonnavigable, and including the beds and banks of all watercourses and bodies of surface water, that are wholly or partially inside or bordering the state or inside the jurisdiction of the state." TEX. WATER CODE ANN. § 26.001(5) (Vernon 2000).

**6.** Furthermore, as the State pointed out at trial, nothing in the Water Code's definition of "water" or "water in the state" suggests it is limited to so-called non-private (or public) water.

strict compliance with all required permits or a valid and effective order issued or rule adopted by the appropriate regulatory agency. *Id.* § 7.147. A conflict would occur where it would be impossible to comply with both laws, *see, e.g., City of Austin v. Travis County Landfill Co.,* 25 S.W.3d 191, 206 (Tex.App.—Austin 2000, pet. granted) (construing conflict in context of federal preemption), or where one section proscribes what another permits, *see, e.g., Sanford,* 289 S.W.2d at 778–79 (construing two provisions of Election Code regarding limits on campaign contributions). Here, nothing prevents appellant from complying with both. Likewise, section 7.146 does not authorize something which section 7.147 prohibits or *vice versa.* Appellant's second point of error is overruled.

## IV. Dismissal of One Charge

In his final point of error, appellant complains that the court abused its discretion by dismissing the first paragraph in the information without motion by the State. However, appellant failed to object to the trial court's actions and did not preserve this claim for appeal. *See* Tex.R.App. P. 33.1. In any event, the record does not support appellant's contention. Instead, the record leads to the conclusion that a discussion was held outside the presence of the jury,[7] after which the court advised the jury that the State was abandoning one count of the information.[8]

Appellant relies on *State v. Gonzales,* 26 S.W.3d 919 (Tex.App.—Austin 2000, no

pet.). The court there held that it was error for the trial court to dismiss an information on its own motion. *Id.* at 920. But the reasoning underlying *Gonzales* offers little support for appellant's contention. In that case, the defendant was charged with driving while intoxicated, the State alleging both that she had an alcohol concentration in excess of the statutory maximum and "did not have the normal use of her mental or physical faculties by reason of the introduction of alcohol into her body...." *Id.* at 919. The court held that it was error for the judge to dismiss the prosecution "without the State's *consent*" unless the defendant moved to set aside the information and that motion was granted. *Id.* at 920 (emphasis added). Here, the record suggests that the State, at the very least, acquiesced to the judge's dismissal or, as we have already noted, actually moved to dismiss the paragraph due to a failure of proof on one of the elements. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.

---

7. The court made the following comment to jury, "Additionally, folks, in an effort to abbreviate this trial, if that's at all possible, the first paragraph of the information ... has been abandoned by the State, meaning that the evidence you hear from this point on goes to the Second paragraph only .... and that decision was reached outside of your presence, so we really were working while you were back there."

8. Without suggesting that the State would be forced to make an election when prosecuting these offenses, its abandonment is *analogous* to an election where a defendant is charged with more than offense that is factually related. *Sanchez v. State,* 928 S.W.2d 255, 258 (Tex.App.—Houston [14th Dist.] 1996, no pet.) (citing *Ponder v. State,* 745 S.W.2d 372 (Tex.Crim.App.1988)).