

NUMBER 13-14-00193-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**PHILLIP JOSEPH FARRELL,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 411th District Court
of Polk County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, appellant Philip Joseph Farrell challenges his conviction for unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a) (West, Westlaw through 2013 3d C.S.). The jury returned a verdict of

guilty and assessed punishment at imprisonment for life pursuant to the habitual offender statute. *See id.* § 12.42(d) (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND[1]

On August 5, 2012, a burglary occurred in a house in the Magnolia Woods Subdivision in Livingston, Texas. Detective Anthony Lowrie testified that neighbors observed three people leaving the house carrying weapons and ammunition and who fled once the neighbors saw them. Police arrested Katrina Barnes, one of the three suspects, who admitted to the burglary. Barnes told Detective Chris Lima that Adam Horn, one of the other two, was currently at the residence of Timothy Smith.[2] Smith lived on the same street as appellant, and Detective Lima first knocked on the door of appellant's house, thinking it was Smith's. Appellant answered the door, told Detective Lima of his mistake, and the detective left.

After arresting all three suspects, Barnes told Detective Lima that appellant was keeping one of the stolen firearms at appellant's house. Detectives Lima and Lowrie returned to the house and knocked on the door. Detective Lima testified that appellant answered the door and denied knowledge of the gun until Detective Lima told him that "we already know that the gun is here, you know, we need to get it back from you. We said, you know, you may not have stole [sic] it; but we know you have the gun here." Appellant admitted that he had the firearm in his house and told the two detectives that he would get it for them. Detective Lima asked appellant if the detectives could

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] The name of the third suspect was Richard Gagnon.

2

accompany him to get the gun for the detectives' safety, and appellant responded: "Go ahead. That would be fine." Detective Lima testified that because of officer safety concerns, they did not intend to let appellant retrieve the weapon if he had refused to let them accompany him inside the house. Appellant handed the firearm to the detectives and all three men returned to the front porch, followed by appellant's wife. The detectives began talking to appellant about obtaining further consent to search for narcotics they believed appellant was selling. Both detectives testified that at the time, they did not know appellant had previous felony convictions.

The State charged appellant with being a felon in possession of a firearm. *See id.* § 46.04(a). The indictment alleged that appellant had been convicted of the felony offense of burglary of a building within five years of the date of his arrest. *See id.* § 30.02(a) (West, Westlaw through 2013 3d C.S.). Jessica Slack, an investigator for the District Attorney's Office, testified for the State. The State admitted certified copies of a judgment, information, and waiver of indictment in a criminal case from Harris County with cause number 1237234 ("the previous judgment"). Slack testified that she obtained the previous judgment from the National Crime Information Center. The Information recited that "Philip Joseph Farrell" was a white male, date of birth "6/9/79." The previous judgment itself stated that on October 15, 2009, Farrell was convicted of the felony offense of burglary of a building. Investigator Slack could not definitively testify that the defendant in that case and appellant were the same person because the fingerprint at the bottom of the judgment was smudged. On the State's request, the trial court took judicial notice that appellant had stated that his birthdate was "6-9-79" at a prior hearing. The trial court admitted the judgment and information over appellant's objections. The State also

introduced into evidence three trial reset forms that it stated bore appellant's signature.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant argues that the State did not produce legally sufficient evidence for the jury to link him to a prior felony conviction for purposes of showing that he possessed the firearm within five years of his release from confinement following conviction for a felony. *See id.* § 46.04(a)(1).

### A. Standard of Review and Applicable Law

In a legal-sufficiency review we review the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). It is the responsibility of the trier of fact, in this case the jury, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We may not usurp the jury's role by substituting our own judgment for that of the jury. *Montgomery*, 369 S.W.3d at 192. If the record supports conflicting inferences, we must presume the jury resolved any conflicts in favor of their verdict and defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Yzaguirre v. State*, 394 S.W.3d 526, 528 (Tex. Crim. App. 2013) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden

4

of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). The hypothetically correct charge in this case would require the State to prove that appellant: (1) had previously been convicted of a felony offense and (2) possessed the firearm within five years of his release from confinement or from supervision following the conviction. *See Powell v. State*, 112 S.W.3d 642, 644 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

To establish the first element, the State must prove beyond a reasonable doubt: (1) the existence of a prior conviction; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The *Flowers* Court noted that Texas law does not require that the State prove the existence of a prior conviction in any specific manner: "[a]ny type of evidence, documentary or testimonial, might suffice." *Id.* at 922. The process of proving that a defendant is the same person as the defendant in an alleged prior criminal conviction resembles the process of assembling the pieces of a puzzle. *Id.* at 923. Each individual piece may have little meaning standing alone, but when fitted together usually forms a picture that links the defendant to the person convicted in the previous judgment. *Id.* It is the role of the trier of fact to "fit the pieces of the jigsaw puzzle together and weigh the credibility of each piece." *Prihoda v. State*, 352 S.W.3d 796, 807 (Tex. App.—San Antonio 2011, pet. ref'd).

Merely showing that the defendant and the person previously convicted share the same name is not sufficient to satisfy the State's burden to link the defendant to the prior conviction. *Benton v. State*, 336 S.W.3d 355, 357 (Tex. App.—Texarkana 2011, pet. ref'd). However, multiple pieces of identification information taken together, such as

name, gender, eye and hair color, height, and date of birth can also suffice to prove identity. *Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.).

**B. Discussion**

In this case, the State presented the following evidence. First, the previous judgment refers to a white male named Philip Joseph Farrell with the birthdate "6-9-79." Appellant's full name is "Philip Joseph Farrell," and the name is not a common one. *See Benton*, 336 S.W.3d at 359 ("Here, we are not confronted with a name commonly encountered, a partial name, or initials."). Second, at a bond hearing in this case, appellant answered "Yes, sir" to the trial court's question "were you born on 6-9 of 1979," which is the same birthdate on the previous judgment.[3] *See Forward v. State*, 406 S.W.3d 601, 606–07 (Tex. App.—Eastland 2013, no pet.) (holding that a birth date identical to the defendant's on two prior judgments was evidence linking the defendant to them); *Benton*, 336 S.W.3d at 359 (same). Third, the State introduced three sets of forms bearing the signature "Philip Farrell" that the jury could compare with the signature on the previous judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 38.27 (West, Westlaw through 2013 3d C.S.) ("It is competent to give evidence of handwriting by comparison, made by experts or by the jury"); *Benton*, 336 S.W.3d at 360 (holding the jury was free to compare the signatures on the prior convictions with the defendant's signature even if a comparison "was not specifically requested").[4] Finally, the previous judgment was

---

[3] Appellant's reference to the fact that appellant might have thought of his birth date in the day-month-year style is a determination on the weight of the evidence that was within the province of the jury. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).

[4] Appellant argues that comparison of "handwriting is not sufficient evidence to connect a defendant to a prior conviction without expert testimony." *See Cain v. State*, 468 S.W.2d 856, 859–60 (Tex. Crim. App. 1971), *overruled in part on other grounds*, *Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (en banc). However, the *Cain* Court held that evidence of a defendant's signatures without expert testimony standing alone could not establish a connection between a defendant and a previous conviction. *Id.* at 895.

rendered in the City of Houston, in Harris County, Texas. We take judicial notice that Houston is approximately seventy-three miles from where this case took place in Livingston, Texas in Polk County.[5] *See Benton*, 336 S.W.3d at 359 (taking judicial notice that it was 115.95 miles from the place where the original convictions were rendered to the location of the current case and treating that fact as linking the defendant to the original convictions).

In sum, while it is possible that there is another white male named Philip Joseph Farrell born on June 9, 1979, and who lives in the seventy-three mile geographic area between Houston and Livingston, we believe that the evidence that this is the same defendant who was convicted for burglary of a building is sufficient. We accordingly conclude that a rational trier of fact could have found beyond a reasonable doubt that sufficient evidence links appellant to the previous judgment of conviction for burglary of a building. *See Montgomery*, 369 S.W.3d at 192; *see also Atwood v. State*, No. 13-11-00642-CR, 2013 WL 1385250, at *2 (Tex. App.—Corpus Christi Apr. 4, 2013, no pet.) (mem. op., not designated for publication) (holding that legally sufficient evidence connected the appellant to two prior DWI convictions that showed the appellant had the same date of birth, lived at the same address, and "had the same personal descriptors" as the person twice convicted of operating a motor vehicle while intoxicated). We overrule

---

*Cain* did not hold that comparison of signatures could not form one of the pieces of the "jigsaw puzzle." *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

[5] Courts may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201; *see Landry v. State*, 60 S.W.3d 263, 266 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). One such fact is the distance between two geographical locations. *Benton v. State*, 336 S.W.3d 355, 359 n.8 (Tex. App.—Texarkana 2011, pet. ref'd); *see Lovelady v. State*, 65 S.W.3d 810, 813 (Tex. App.—Beaumont 2002, no pet.); *Lozada-Mendoza v. State*, 951 S.W.2d 39, 44 (Tex. App.—Corpus Christi 1997, no pet.).

appellant's first issue.

### III. MOTION TO SUPPRESS

By his second issue, appellant challenges the trial court's ruling denying his motion to suppress on the grounds that he did not give voluntary consent to search.

#### A. Standard of Review and Applicable Law

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). In this review we afford almost total deference to the trial court's determinations of historical facts if they are supported by the record, but review de novo the trial court's application of the law of search and seizure to the facts of the case. *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011). We examine all of the evidence in the light most favorable to the trial judge's ruling and afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from it. *Id.* We will uphold the trial judge's ruling if it is reasonably supported in the record and is correct on any applicable theory of law. *Turrubiate*, 399 S.W.3d at 150.

"Under the Fourth and Fourteenth Amendments, a search conducted without a warrant based on probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011) (quotation marks omitted). Voluntary consent is one such exception. *Weaver*, 349 S.W.3d at 525–26. Under Texas law, the State has the burden to prove voluntary consent by clear and convincing evidence. *Id.* at 526. Whether consent to search was voluntary is a question of fact that we determine from the totality of the circumstances. *Id.* Persons may communicate consent to search by words,

8

actions, or circumstantial evidence showing implied consent. *Meekins*, 340 S.W.3d at 458. The ultimate question we must answer "is whether the person's will ha[s] been overborne and his capacity for self-determination critically impaired, such that his consent to search must have been involuntary." *Id.* at 459 (quotation marks omitted).

## B. Discussion

Appellant argues the State did not show by clear and convincing evidence that appellant consented to the search. Appellant points to Detective Lima's testimony during the trial on the merits where he testified that he told appellant: "'[I]ook, for officer safety, we want to follow you in there to get the firearm,' which he agreed to." Appellant views this as contradicting Detective Lima's pre-trial testimony at the suppression hearing because "[I]ook, . . . we want to" is the language of command and did not give appellant a choice. However, it is not for this Court to consider Detective Lima's statements during the trial on the merits. The general rule is that our review of a pre-trial motion to suppress is "limited to that evidence presented at the pretrial hearing—the evidence that was before the court at the time of its decision." *Black v. State*, 362 S.W.3d 626, 635 (Tex. Crim. App. 2012). There is an exception for circumstances where the parties "consensually broach the suppression issue again before the fact-finder at trial." *Id.* Appellant argues that this exception applies here, but we find no indication in the record that the parties revisited any argument or assertion that appellant made during the pre-trial hearing. Detective Lima's statements during the trial on the merits were part of Detective Lima's general description of the events leading up to the recovery of the firearm. *See id.* We overrule appellant's second issue.[6]

---

[6] Because we may not revisit the question of whether appellant consented to the search, we do not reach appellant's arguments regarding why the doctrine of exigent circumstances did not permit the police

9

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of August, 2014.

---

to accompany appellant into the house to retrieve the firearm.  *See* TEX. R. APP. P. 47.1.