

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00063-CR

_____

COURTNEY BENTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th Judicial District Court
Houston County, Texas
Trial Court No. 08CR-178

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

In the process of pleading guilty to murder,[1] Courtney Benton confessed that, in the early morning hours of September 17, 2008, he shot and killed Steven McCullough in Houston County.[2] Benton elected to have the jury assess his punishment.[3]  Benton appeals on the sole basis that the admission of certain juvenile court judgments was improper because the State did not provide evidence that he was the person reflected in those judgments.   Because there was ample evidence that Benton was the person named in those judgments, we affirm the judgment of the trial court.

Certified copies of the records in question were admitted, over hearsay and relevance objections,[4] as Exhibits 82 and 83.   On appeal, Benton claims error in the admission of the juvenile court judgments because, it is alleged, there is no evidence linking Benton to those judgments.[5]

---

[1]TEX. PENAL CODE ANN. § 19.02 (Vernon 2003).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).   We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[3] The jury returned a sentence of ninety-nine years' imprisonment in the Texas Department of Criminal Justice—Institutional Division.

[4]We understand Benton's relevance objection to be that there was no evidence linking the admission of the prior convictions to Benton, and therefore, the evidence was not relevant.

[5]At the trial on punishment, the State sought to introduce Benton's Texas Youth Commission (TYC) records.   Benton objected to the introduction of the TYC records as hearsay and because they included copies of purported judgments. The trial court ruled that the judgments would be redacted from the TYC records and determined to rule on the hearsay objection outside the presence of the jury.   Subject to these rulings, the TYC records were admitted.   It appears from the record that the juvenile court judgments at issue were not redacted from the TYC records.  Certified copies of these judgments were separately introduced and received into evidence as Exhibits 82 and 83.   Further, the trial court,

2

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to establish these two elements. *See id.* However, proof that the defendant merely has the same name as the person previously convicted is not sufficient to satisfy the prosecution's burden. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). The approved methods of proof of identity set forth in various cases are not exclusive and may often include the use of a combination of methods. *Id.*

In the instant case, State's Exhibits 82 and 83 were generally admissible under Rule 902(4) of the Texas Rules of Evidence because they consist of certified copies of public records, certified as correct by their custodian, and, therefore, self-authenticating. TEX. R. EVID. 902(4). However, for the State to satisfy the second prong of *Flowers,* it was required to present independent evidence linking Benton to the juvenile judgments. *See Beck*, 719 S.W.2d at 210 ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."); *see also Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd) (relevance of prior conviction is conditioned on production of evidence sufficient to show same defendant in each case). Absent evidence linking the defendant

---

after having reviewed the proposed 200-page exhibit of TYC records, ruled that six pages of those documents would be admitted. Those six pages were stapled and marked as State's Exhibit 80. Exhibit 80 in the appellate record includes all 200 pages of the TYC records. The erroneous inclusion of the entire set of TYC records has not been raised as an issue on appeal; we therefore do not address it. TEX. R. APP. P. 38.1.

to the prior conviction, evidence of the prior conviction is not relevant. *Menefee v. State*, 928 S.W.2d 274, 278 (Tex. App.—Tyler 1996, no pet.). Whether sufficient links are present is determined on a case-by-case basis. *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988). Further, the State may use circumstantial evidence to prove the defendant is the same person named in the alleged prior convictions. *Id.* at 835–36, 839. The fact-finder looks at the totality of the evidence to determine whether the State proved the prior convictions beyond a reasonable doubt. *Flowers*, 220 S.W.3d at 923.

At trial, the State presented certified copies of five judgments and related documents:[6]

(1) Judgment and stipulation of evidence in cause number 2003-00720J, dated March 6, 2003, reflecting Courtney Antoine Benton's conviction for engaging in organized crime (theft of automobile), a first degree felony, on January 20, 2003, in Harris County. The judgment reflects that Benton was a juvenile at the time of the offense, lists his mother as Joycelyn Alexander (Benton), and lists Benton's date of birth as April 11, 1987. The judgment and stipulation of evidence are signed by Courtney Antoine Benton;

(2) Corrected judgment in cause number 2003-00720J, dated April 17, 2003. This judgment likewise reflects that Courtney Antoine Benton was a juvenile at the time of the offense, lists Benton's mother as Joycelyn Alexander (Benton), and lists Benton's date of birth as April 11, 1987;

(3) Judgment and stipulation of evidence dated July 25, 2003, reflecting violation of probationary rules by Courtney Antoine Benton related to cause number 2003-00720J. This judgment reflects that Benton was a juvenile, lists Joycelyn Alexander as Benton's mother on the attached stipulation of evidence, and lists Benton's date of birth as April 11, 1987.[7] The judgment is signed by

---

[6]These are set out in two exhibits, numbered 82 and 83.

[7]Exhibit 83 also includes a change of custody order in cause number 2003-00720J, dated August 22, 2003, placing Courtney Antoine Benton in the custody of his mother, listed as Joycelyn Alexander.

4

Courtney Benton and the stipulation of evidence is signed by Courtney Antoine Benton;

(4) Judgment and stipulation of evidence dated September 30, 2003, reflecting violation of probationary rules by Courtney Antoine Benton related to cause number 2003-00720J. This judgment reflects that Benton was a juvenile, lists his mother as Joycelyn Alexander, and lists Benton's date of birth as April 11, 1987. The judgment and stipulation of evidence are signed by Courtney Benton; and

(5) Judgment and stipulation of evidence dated November 25, 2003, in cause number 2003-09372J, reflecting Courtney Antoine Benton's conviction for possession of a controlled substance, a class A misdemeanor, on November 13, 2003, in Harris County. The judgment reflects that Benton was a juvenile at the time of the offense and lists his date of birth as April 11, 1987. The judgment and the stipulation of evidence are signed by Courtney Benton.

Deborah Jones, Benton's Houston County community supervision officer beginning in August 2008, testified that her records indicated Benton's date of birth as April 11, 1987. At trial, the State played a video recording of Benton's confession to McCullough's murder. During the course of his statement, Benton identified himself as Courtney Antoine Benton, states his date of birth as April 11, 1987, and identifies his mother as Joycelyn Alexander.

In addition, Officer Samuel Wagner with the Crockett Police Department testified that Benton appeared at the Houston County Sheriff's Department on the afternoon of September 17, 2008, and asked to speak to Wagner. During the course of his visit with Wagner, Benton provided a written statement, identified by Wagner as State's Exhibit 49, in connection with the investigation of McCullough's murder. This statement was signed by Benton, and Benton was identified by Wagner at trial as the person who provided the statement. Wagner further testified

5

that he spoke with Benton a second time after Benton's arrest September 19, 2008. At that time, Benton provided a second written statement, identified by Wagner as State's Exhibit 51. This statement was likewise signed by Benton. Exhibits 49 and 51 each list Benton's date of birth as April 11, 1987.

Benton contends there is insufficient evidence to link him to the prior convictions contained in State's Exhibits 82 and 83. We disagree. The prior convictions are linked to Benton via (1) his name, "Courtney Antoine Benton," (2) his birth date of April 11, 1987, (3) his mother's name—Joycelyn Alexander (Benton), and (4) Benton's signature, which appears on Exhibits 49 and 51, the authenticity of which has not been contested.

All pleadings filed in connection with Benton's prosecution for McCullough's murder were styled using the name, "Courtney Benton." However, Benton stated that his full name is Courtney Antoine Benton. The judgments and stipulations of evidence admitted at trial as State's Exhibits 82 and 83 are signed variously as "Courtney Benton" and as "Courtney Antoine Benton." Generally, a name alone is insufficient to connect a defendant to a prior judgment. *See Beck*, 719 S.W.2d at 210. Here, we are not confronted with a name commonly encountered, a partial name, or initials. We are provided with the appellant's full name, an individual who was indicted in Houston County, Texas, for a crime committed in Crockett, Texas. We take judicial notice that it

6

is 115.95 miles from Crockett, Texas to Houston, Harris County, Texas,[8] where the prior convictions were rendered. While the name alone is not the sole evidence connecting Benton to the prior convictions, it is quite unlikely that another by the name of Courtney Antoine Benton was convicted in Harris County, Texas, within the time frames listed in those prior convictions.[9]

The second factor connecting Benton to the prior convictions is his date of birth. The prior convictions each list Benton's date of birth as April 11, 1987. Benton himself acknowledges his date of birth as April 11, 1987; this is substantiated by Jones' testimony as well. We take judicial notice of the fact that, given Benton's date of birth, he would have been a juvenile at the time of the Harris County convictions in March and November 2003.[10] Both prior convictions indicate that the Courtney Antoine Benton therein convicted was a juvenile.

In addition to his name and date of birth, the identity of Benton's mother connects Benton to the prior convictions admitted as State's Exhibit 82.[11] The person identified as Benton's mother on the prior felony conviction is Joycelyn Alexander (Benton). The person Benton identified as his mother—in the video recording of his confession played to the jury— is Joycelyn

---

[8]We may take judicial notice of facts which are notorious, well known, or easily ascertainable. *See Gonzales v. State*, 723 S.W.2d 746, 750 (Tex. Crim. App. 1987). This includes distances between two geographical locations. *Bell v. State*, 63 S.W.3d 529, 532 n.3 (Tex. App.—Texarkana 2001, pet. ref'd).

[9]The prior convictions were entered in March and November 2003.

[10]Benton's age at the time of the prior convictions is easily ascertainable. *See Gonzales*, 723 S.W.2d at 751.

[11]The prior misdemeanor conviction admitted as State's Exhibit 83 does not identify a parent or guardian for Courtney Antoine Benton.

7

Alexander.

Finally, the prior convictions and stipulations of evidence comprising State's Exhibits 82 and 83 are signed by the defendant variously as "Courtney Benton" or "Courtney Antoine Benton."[12] Benton's signature appeared on State's Exhibits 49 and 51, the written statements Benton provided to Wagner. While the jury was not specifically requested to compare these signatures with those appearing on the prior convictions, it is nevertheless "competent to give evidence of handwriting by comparison, made by experts or by the jury." TEX. CODE CRIM. PROC. ANN. art. 38.27 (Vernon 2005); *see Zimmerman v. State*, 860 S.W.2d 89, 97 (Tex. Crim. App. 1993) (authentication of handwriting may be established by comparison performed either by experts or by jury), *vacated & remanded on other grounds*, 510 U.S. 938 (1993). Exhibits 49 and 51 were admitted without objection and were available to the jury for signature comparison. The jury was therefore free to compare the signatures appearing on Exhibits 49 and 51 (which were never denied by Benton) with those appearing on the prior convictions to assist in the determination of whether or not Benton was indeed the same individual listed in the prior convictions.

As a practical matter—while Benton objected to the admission of the prior convictions due to claimed inadequate identification of the person so convicted—neither the State nor the defense argued the identity issue to the jury. In fact, when counsel for Benton did mention the prior felony conviction in closing argument, he stated,

---

[12]The corrected judgment included as part of State's Exhibit 82 is not signed by the defendant.

8

Now, the title to one of them is unanimous because it's engaging in organized criminal activity. But if you will look, Courtney and several other youths, again, several years ago stole a car. That was it. And he pled guilty and took his punishment.

Moreover, in speaking of the prior misdemeanor conviction, counsel for Benton stated, "The other offense is a drug possession case, codeine. And he pled guilty to that." A judicial admission must be a clear, deliberate, and unequivocal statement. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 905 (Tex. 2000); *Spradlin v. State*, 100 S.W.3d 372, 380 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A judicial admission bars a party from disputing a fact and relieves his adversary from having to present proof of the fact. *Auld*, 34 S.W.3d at 905. While the State does not mention this argument in its brief, we find the foregoing statements on behalf of Benton to be judicial admissions.

Considering the totality of the evidence linking Benton to the prior convictions, even in the absence of the foregoing judicial admissions, a rational jury could have found beyond a reasonable doubt that Benton was indeed the same person identified in the prior convictions admitted via State's Exhibits 82 and 83.

We affirm the judgment of the trial court.


Josh R. Morriss, III

9

Chief Justice

Date Submitted:     February 3, 2011
Date Decided:       February 4, 2011

Publish