

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00016-CR

_____

KEITH EARL JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 30095

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Keith Earl Jones made the unfortunate decision to take to the road after drinking "a few beers." The hefty consequence of this poor decision led to a significant accident with a vehicle driven by Jo Green, as well as Jones' third DWI charge. Jones appeals[1] his conviction of DWI third or more, repeat offender, and his sentence of sixty years' imprisonment, which was assessed pursuant to enhancement paragraphs alleging Jones had previously committed the offenses of delivery of a controlled substance and voluntary manslaughter. Jones argues that the evidence was insufficient to support his conviction and punishment enhancements and that the trial court erred in admitting "an unsupported prior conviction [of voluntary manslaughter] attributed to the Defendant" during the punishment phase of the trial. We affirm the trial court's judgment because we find the evidence sufficient to support Jones' conviction and enhancements, and hold there was no error in admitting the prior conviction.

## I. Legally Sufficient Evidence Supports the Finding of Guilt

In evaluating legal sufficiency of the evidence to prove the charged offense, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of DWI third or more beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*,

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of *Brooks*, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[2]

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Vega v. State*, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008). A person commits the offense if he or she is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). "Intoxicated" means "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (West 2011). The indictment alleged Jones was intoxicated by reason of introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination into the body. The State also alleged that Jones had twice been previously

[2]Jones urges this Court to return to the standard of review as espoused in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), which included a review for factual sufficiency of the evidence. *Clewis* was expressly overruled by the Texas Court of Criminal Appeals in *Brooks*, 323 S.W.3d at 995. Accordingly, we decline to apply *Clewis* to this case.

convicted of DWI, meeting the jurisdictional requirements of Section 49.09 used to elevate the offense to a third degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2011).

Thus, under a hypothetically correct charge in this case, the jury was required to find, beyond a reasonable doubt, that (1) Jones, (2) operated a motor vehicle, (3) in a public place, (4) while intoxicated: not having the normal use of mental or physical faculties, (5) due to the introduction of alcohol or other substances into the body, and (6) that Jones had previously been convicted two times of an offense "relating to the operating of a motor vehicle" while intoxicated.[3] TEX. PENAL CODE ANN. §§ 49.01(2)(A), 49.04(a), 49.09(b). Complaining only that he was not intoxicated, Jones contends the evidence was insufficient to prove the fourth element.

Approximately two hours after the accident, Jones was transported to the hospital, where a blood test reported his blood alcohol level (BAL) at 0.07. Considering the passage of time between the collision and the blood draw, responding officer Damian Conner testified that Jones must have had a BAL of 0.08 or more at the time of collision. Jones complains that such extrapolation is insufficient to prove the offense and recites that "[t]here must be some other evidence in the record that would support an inference that the Defendant was intoxicated at the time of driving."

But here, the indictment required that the State prove that Jones did not have the normal use of his mental or physical faculties by reason of introduction of a substance, not that his BAL was 0.08 or more. There is ample evidence to support such a finding. Green testified that she

_____

[3]Jones stipulated to the two prior DWI convictions.

4

was traveling northbound on a county road when she observed Jones' Dodge pickup truck traveling southbound "at a high rate of speed" in her lane of travel. Although Green took evasive action and moved "4 feet off the road," Jones violently collided with, and totaled, Green's car. Jones approached Green after the accident. Green testified, "He was walking around, staggering around," and described him as having slurred speech and bloodshot eyes. Firefighter and paramedic David Giles testified that Jones smelled of alcohol and that he "admitted that he had been drinking." Conner also smelled "a very strong odor" of alcohol upon speaking to Jones, observed his slurred speech and sluggish demeanor, and decided to administer field sobriety tests.

Prior to administration of these tests, Jones admitted to Conner that he had "a few beers." The admission was confirmed by a portable breath test. Conner noted that Jones possessed a lack of smooth pursuit during the horizontal gaze nystagmus test, which led to the presence of four out of six clues of intoxication. A video of the field sobriety tests being conducted, admitted for the jury's review, depicts Jones swaying slightly during the examination. Conner recorded two out of eight clues during the "walk-and-turn" test, and found that Jones used his arms for balance during the one-legged stand test. Jones told Conner that he was not sure if he could walk a straight line or complete the one-legged stand test. Conner concluded that Jones was intoxicated.

When viewed in the light most favorable to the verdict, the testimony, and the reality that an accident had occurred, there was sufficient evidence for a rational jury to find that Jones was

driving at a time when he did not have the normal use of his mental or physical faculties as a result of alcohol intoxication.

Jones argues that the evidence was insufficient because the theory that he caused the accident was based upon "the brief observations of Ms. Green, who surprisingly recited typical DPS jargon." He continues, "The accident, with the observations of Ms. Green, and the general vague reconstruction provided by Trooper Conner, could have as reasonably been a result of speed and lane position, as it could have been by intoxication." Jones described the testimony as based upon "conjecture, and post incident observations." These arguments involve the credibility of witnesses—a matter left strictly to the fact-finder.

The evidence is sufficient to support the finding of guilt. Jones' first point of error is overruled.

## II. Sufficient Evidence Supports the Finding of True to Enhancements

The State sought to enhance Jones' punishment from that of a third degree felony to a range of punishment from twenty-five to ninety-nine years or life imprisonment by alleging Jones had previously committed the offenses of delivery of a controlled substance and voluntary manslaughter. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2011). Jones objected to the admission of pen packets on the basis that the State failed to properly prove that he was linked to the prior convictions. The objection was overruled. Jones contends that this was error and that the evidence was insufficient to prove the enhancements.

6

The State had the burden to prove that Jones was the same person convicted of each of the prior felonies. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."). Absent evidence linking the defendant to the prior convictions, evidence of the prior convictions cannot be used to enhance the punishment. *Benton v. State*, 336 S.W.3d 355, 357 (Tex. App.—Texarkana 2011, pet. ref'd). The determination of whether sufficient evidence links the defendant to the prior conviction is made on a case-by-case basis. *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988).

No specific document or mode of proof is required to prove the link. *Flowers*, 220 S.W.3d at 921. The State is entitled to use circumstantial evidence to prove the defendant is the same person named in the alleged prior convictions, and proof may be made "in a number of different ways." *Id.*; *Human*, 749 S.W.2d at 835–36, 839. For example, the State can meet its burden by introducing multiple documents that when read together, contain "sufficient information to establish both the existence of the prior conviction and the defendant's identity as the person convicted." *Flowers*, 220 S.W.3d 921–22. It was the fact-finder's province to determine the question of whether Jones was the person convicted of the prior felony offenses. *Id.* at 923. Thus, it was proper for the trial court to admit the pen packets.

We now examine the evidence linking Jones to the prior convictions. The pen packet labeled as State's exhibit 13 contained a 1989 judgment revoking community supervision for the offense of voluntary manslaughter, and recited that "Keith Jones" was convicted of the offense in Houston County, Texas, by the 349th Judicial District Court. The pen packet included a picture purporting to be a youthful Jones, and fingerprints of Keith Earl Jones. State's exhibit 14 was a pen packet containing a 1998 judgment, also from the 349th Judicial District Court, revoking community supervision for the offense of delivery of a controlled substance committed by "Keith Jones." A picture purporting to be Jones and a fingerprint card of "Keith Earl Jones" was also included in this pen packet.

Fingerprint analyst Christopher Dobbs took fresh prints from Jones and testified that they matched the fingerprints taken in State's exhibit 14. Dobbs also conducted a comparison with the fingerprints in State's exhibit 13. However, he was unable to form an opinion as to whether the prints could be considered a match. Specifically, Dobbs testified he was able to match some characteristics of the fingerprints to Jones' fresh prints, but he was not comfortable forming a definitive opinion based on the fingerprint card provided. However, Dobbs compared the photographs in State's exhibit 13 with the photograph in exhibit 14 and concluded that they appeared to be of Jones.

The jury heard Dobbs' testimony that Jones' fresh prints matched exhibit 14. It was provided with both pen packets and could conduct its own comparison of the photographs with

8

each other as well as comparing them to the defendant in the courtroom. While it is theoretically possible that another person with the same first, middle, and last name, who looked exactly like Jones was convicted three times in the same District Court in Houston County, Texas, it is certainly a rational decision by the jury that beyond a reasonable doubt, Jones was the same person identified in both of the pen packets. Therefore, we find the evidence sufficient to prove the enhancements.

Jones' last point of error is overruled.

## III. Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:     November 14, 2011
Date Decided:      December 2, 2011

Do Not Publish