**MODIFY and AFFIRM; and Opinion Filed October 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01398-CR
### No. 05-14-01399-CR

**CHRISTOPHER LEE COLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1353515-X and F-1353516-X**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

Following a jury trial, Christopher Lee Cole appeals two convictions for possession with intent to deliver a controlled substance. In two issues, he contends (1) the trial court erred in failing to instruct the jury pursuant to article 38.23 of the rules of criminal procedure because the evidence raised a fact issue about whether the traffic stop that resulted in his arrest was lawful and (2) the evidence is insufficient to link him to a prior conviction used to enhance the punishment for each offense. On our own motion, we reform each judgment to reflect that appellant's plea to the enhancement paragraph was "not true." As reformed, we affirm the trial court's judgments.

BACKGROUND

Appellant was indicted for unlawfully and knowingly possessing with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. He was also indicted for unlawfully and knowingly possessing with intent to deliver methamphetamine in an amount of one gram or more but less than four grams. Both offenses were alleged to have occurred on or about March 12, 2013. Each indictment alleged that prior to the commission of the offense, on August 17, 2009, appellant was convicted of delivery of a controlled substance.

At trial, David Roach, at the time a narcotics detective with the Dallas Police Department, testified that he was a patrol officer on March 12, 2013. At about 10:20 p.m., he and Officer Tyler Mills observed a silver Kia Spectra that did not have an operating rear license-plate light, a violation of the transportation code. *See* TEX. TRANSP. CODE ANN. § 547.322(f) (West 2011) (failure to illuminate vehicle's rear license plate so it can be read from distance of fifty feet is traffic offense). Officer Mills, who was driving, initiated a traffic stop, and the vehicle stopped. Mills approached the driver, and Roach approached the passenger. Roach shone a flashlight into the vehicle and observed the passenger attempting to light what appeared to be a marijuana cigarette. Roach identified appellant as the passenger. Roach asked appellant if the cigarette was "a blunt." Appellant replied, "Yeah. I was just about to hand it to you." Appellant handed the cigarette to Roach. Based on Roach's training and experience, he believed it to be marijuana. Roach arrested appellant for possession of marijuana. During a search incident to arrest, Detective Roach found a pill bottle inside a pocket in appellant's jacket. The pill bottle held one baggie of crystal methamphetamine and several baggies of powder cocaine.

On cross-examination, defense counsel asked Detective Roach if the patrol car was equipped with a dash camera to film the traffic stop. Roach testified that it was. When asked about the lack of a video in this case, Roach explained that every video the Dallas Police

Department captures on dash cam is downloaded automatically when a police car pulls into the sally-port area at the station. Officers then have to submit paperwork to indicate which videos they would like to save as evidence. Any video not marked to be saved is automatically deleted after ninety days. Roach stated both he and Mills filled out and submitted paperwork in this case to have the video saved. Following appellant's arrest, the officers checked to make sure the video had been downloaded, and it had been. Sometime between then and the day of trial, something happened to the video. Roach testified that he attempted to bring the video to court, but it was no longer available. He had no idea what happened to it.

Officer Mills also testified about the traffic stop. On the night of March 12, 2013, he saw that the silver Kia in which appellant was a passenger had a defective license-plate light. On cross-examination, defense counsel asked him about the dash cam video. Mills testified that he and Roach saw the video and filed the paperwork, but later the station could not find the video.

The jury found appellant guilty of both possession with intent to deliver offenses. At the punishment phase, appellant pleaded not true to the allegations that he had a 2009 conviction for delivery of a controlled substance. The jury found the allegations to be true. It assessed punishment for possession with intent to deliver methamphetamine at seven years' confinement and punishment for possession with intent to deliver cocaine at twenty years' confinement. This appeal followed.

## ARTICLE 38.23 INSTRUCTION

In his first issue, appellant contends the trial court erred in refusing to instruct the jury on the law as set out in article 38.23 of the code of criminal procedure. Appellant maintains he was entitled to such an instruction because the evidence raised a fact issue about the legality of the

initial stop of the car in which appellant was a passenger.[1]  Under article 38.23, no evidence obtained by an officer in violation of any provision of the federal or state Constitution or law shall be admitted in evidence against the accused on the trial of any criminal case.  TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).  When evidence presented before the jury raises a question about whether the fruits of a police-initiated search or arrest were illegally obtained, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of [article 38.23], then and in such event, the jury shall disregard any such evidence so obtained."  *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012) (quoting TEX. CODE CRIM. PROC. ANN. art. 38.23(a)).  To be entitled to an article 38.23(a) instruction, the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible.  *Id.* (citing *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007)).  To raise a disputed fact issue warranting an article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question.  *Madden*, 242 S.W.3d at 513.  A cross-examiner's questions do not create a conflict in the evidence, although the witness's answers to those questions might.  *Id.*

Appellant requested that an article 38.23 instruction be included in the jury charge, arguing it was appropriate because the officers' testimony had not been corroborated and the loss of the dash cam video raised an issue about the legitimacy of the stop.  The trial court denied the request.

Appellant contends the trial court erred in denying his request because there was a fact issue regarding whether or not the car in which appellant was a passenger had a working license-

---

[1] The validity of the traffic stop was also the subject of a pretrial motion to suppress filed by appellant, which the trial court denied.

plate light. He maintains the officers' testimony on cross-examination about the missing dash cam video was affirmative evidence to support his position. According to appellant, the "recording could have shown that there was no defective license plate light," and therefore no valid reason to stop the vehicle. We disagree with appellant's argument.

The officers never wavered in their testimony that the license-plate light on the car was not working. Their testimony that the video of the traffic stop was no longer available, for unknown reasons, does not amount to affirmative evidence that the car had a working license-plate light. Nor is there any evidence to suggest the disappearance of the video was deliberate. Defense counsel's questions on cross-examination about the "mysterious disappearance" of the video are not evidence, and the officers' responses to the cross-examination did not raise a fact issue. *See Garza v. State*, 126 S.W.3d 79, 87 (Tex. Crim. App. 2004) (defendant not entitled to 38.23 instruction regarding legality of inventory search of vehicle where officers testified inventory slip existed, but defense counsel insinuated slip did not exist); *see also Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (fact that jury could disbelieve officers' testimony about whether tail light was out did not entitle defendant to 38.23 instruction without any evidence raising fact issue). Because there was no affirmative evidence to create a fact issue about whether the license-plate light was working, the trial court did not err in denying appellant's request for an article 38.23(a) instruction. We overrule appellant's first issue.

### EVIDENCE OF PRIOR CONVICTION

In his second issue, appellant contends the evidence is insufficient to prove the August 17, 2009 prior conviction used to enhance his punishment in each case. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2014) (penalties for repeat felony offenders). State's Exhibit 9 included a certified copy of an August 17, 2009 Dallas County judgment adjudicating guilt for

delivery of cocaine for a defendant named Christopher Lee Cole. Appellant contends the only evidence linking him to this conviction is his name.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* Any type of evidence, documentary or testimonial, might suffice. *Id.* at 922. The court of criminal appeals has said,

> [O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

*Id.* at 923 (quoting *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988)). The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. *Id.* Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a particular defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle. *Id.* The trier of fact looks at the totality of the evidence admitted to determine whether there was a previous conviction and whether the defendant was the person convicted. If these two elements can be found beyond a reasonable doubt, the evidence is legally sufficient to prove a prior conviction. *Id.*

At the punishment phase, Dallas County Sheriff's Deputy Fernando Hernandez, a certified fingerprint technician, testified that he took appellant's fingerprints that morning. He identified State's Exhibit 8 as the fingerprints he took of appellant. The fingerprint card also contained appellant's name, signature, and date of birth. Hernandez identified State's Exhibit 9 to be a certified copy of a previous conviction. That exhibit included a judgment adjudicating guilt against Christopher Lee Cole for delivery of cocaine and assessing a six-year sentence.

–6–

Exhibit 9 also included a set of fingerprints, an indictment, and a judicial confession. Hernandez was asked if he had a chance to compare the fingerprints contained in State's Exhibit 9 to the fingerprints he took of appellant. Hernandez indicated that he did compare the fingerprints. But Hernandez was never asked as a follow up whether the fingerprints matched. Appellant therefore maintains the evidence is insufficient to link him to this conviction.

Appellant's full name, "Christopher Lee Cole," matches that on the judgment for the 2009 delivery conviction. In addition to the fact that appellant's full name matches the prior judgment, there are other puzzle pieces linking him to that conviction. Exhibit 8, the fingerprint card made during this trial, contains appellant's signature, which he signed using only his first and last names, "Christopher Cole." The judicial confession for the 2009 conviction contained in Exhibit 9 also includes the signature of "Christopher Cole." The jury was free to compare these signatures. *See Benton v. State*, 336 S.W.3d 355, 359–60 (Tex. App.—Texarkana 2011, pet. ref'd). Further, there was other identifying information before the jury. The fingerprint card lists appellant's race as "B" and his date of birth as "10 7 1985." The indictment and judicial confession for the prior conviction contained in Exhibit 9 both state "B M 10071985" following the defendant's name. Also, appellant's mother testified during the punishment phase and provided evidence to link him to the prior conviction. The prosecutor asked her if she was surprised when she found out appellant went to prison for six years in 2009 for delivery of cocaine. Appellant's mother testified that she was shocked. We conclude the jury, as trier of fact, could have determined beyond a reasonable doubt from the totality of the evidence that appellant was the person convicted of delivery of cocaine on August 17, 2009. *See id.* (defendant sufficiently linked to prior conviction through name, date of birth, his mother's name, and his signature). We overrule appellant's second issue.

## REFORMATION OF THE JUDGMENTS

The judgment in each case recites that appellant pleaded "true" to the enhancement paragraph. The record reflects that appellant actually pleaded "not true" to the enhancement allegations. We have a duty to correct the record to make it speak the truth when we have the necessary information to do so. *See Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, on our own motion, we reform the judgment in each case to reflect that appellant's plea to the enhancement paragraph was "not true." As reformed, we affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

141398F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER LEE COLE, Appellant

No. 05-14-01398-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1353515-X.
Opinion delivered by Justice Brown, Justices
Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that Christopher Lee Cole's Plea to the 1st Enhancement Paragraph was "NOT TRUE."

As modified, the trial court's judgment is **AFFIRMED**.

Judgment entered this 16th day of October, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER LEE COLE, Appellant

No. 05-14-01399-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1353516-X.
Opinion delivered by Justice Brown, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that Christopher Lee Cole's Plea to the 1st Enhancement Paragraph was "NOT TRUE."

As modified, the trial court's judgment is **AFFIRMED**.

Judgment entered this 16th day of October, 2015.