

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00157-CR

THURMAN DEHORNEY JR.                                         APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F16-2968-431

----------

## MEMORANDUM OPINION[1]

----------

Appellant Thurman Dehorney Jr. appeals from a judgment convicting him of assault-family violence, impeding breath. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West Supp. 2017). In a single issue, he challenges the trial court's decision to admit a prior judgment of conviction during the punishment phase. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

One morning in October 2016, Dehorney's then wife Latrica gave him a ride to work. The conversation on the way "wasn't friendly." Dehorney had borrowed Latrica's car the night before but failed to timely return it to her that morning. The argument escalated to such an extent that when Latrica exited the highway, Dehorney "threw [the] car in park" and removed his key from the ignition. After Latrica inserted her key into the ignition and drove to the side of the service road, the two became involved in a physical altercation. Dehorney punched Latrica, choked her, and tried to pull her out of the car. When a witness from another vehicle intervened and confronted Dehorney, he pulled out a box cutter. The police arrived at that point and ultimately arrested Dehorney.

A jury acquitted Dehorney of aggravated assault with a deadly weapon but convicted him of assault-family violence, impeding breath. At the punishment phase, in addition to showing that Dehorney's backpack contained methamphetamine, the State sought to prove up his criminal history by introducing several prior judgments of conviction, including State's Exhibit 50, a 1993 judgment convicting Dehorney of robbery in Hunt County. With the exception of State's Exhibit 50, the State linked Dehorney to the prior convictions by comparing the fingerprints contained on his fingerprint card to the fingerprints contained in the prior judgments. The State relied on other proof to link Dehorney to State's Exhibit 50 because its fingerprint expert could not positively identify the fingerprint contained in the judgment. The trial court admitted State's Exhibit 50 over Dehorney's objection that the State had failed to show that he

was the same person identified in the judgment. The jury assessed Dehorney's punishment at 90 years' confinement. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017) (establishing enhanced punishment range for habitual offenders).[2]

In his only issue, Dehorney argues that the trial court reversibly erred by admitting State's Exhibit 50 because the State failed to sufficiently link him to the judgment.[3]

We review a trial court's decision to admit evidence under an abuse-of-discretion standard. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). A trial court abuses its discretion in admitting evidence only if its ruling is so clearly wrong that it lies outside the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391.

"[T]o establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* "Any type of evidence, documentary or testimonial, might suffice." *Id.* at 922. Without evidence linking the defendant

---

[2]State's Exhibit 50 was not one of the two sequential prior felony convictions that the State relied upon to enhance Dehorney's conviction.

[3]Dehorney thus raises only an evidentiary-admissibility issue.

to the prior conviction, evidence of the prior conviction is simply not relevant. *Menefee v. State*, 928 S.W.2d 274, 278 (Tex. App.—Tyler 1996, no writ.).

Here, Dehorney's rather unique name matches the name of the defendant in State's Exhibit 50—"Thurman Clenton Dehorney, Jr." The birthdate identified on Dehorney's fingerprint card is "03/18/1975," and the birthdate on a document associated with State's Exhibit 50 is "03/18/75." With the exception of a single digit, the social security number on Dehorney's fingerprint card matches the social security number in State's Exhibit 50. The evidence at trial showed that Dehorney is a black male, and the documents associated with the judgment in State's Exhibit 50 describe Dehorney as a black male. And Dehorney signed the fingerprint card, and the trial court could have drawn a comparison between that signature and the signature contained in State's Exhibit 50. *See Benton v. State*, 336 S.W.3d 355, 359–60 (Tex. App.—Texarkana 2011, pet. ref'd).

The State sufficiently linked Dehorney to the judgment of conviction contained in State's Exhibit 50. *See Flowers*, 220 S.W.3d at 921 (reasoning similarly). The trial court did not abuse its discretion by admitting the prior judgment of conviction. We overrule Dehorney's sole issue and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

4

PANEL:  MEIER, GABRIEL, and KERR, JJ.

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 29, 2018