**Opinion filed October 20, 2022**



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-21-00164-CR & 11-21-00165-CR

_____

## WILLIAM CHARLES FRAISER III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR54881 & CR55929**

## M E M O R A N D U M   O P I N I O N

Appellant, William Charles Fraiser III, was charged by two indictments with the felony offenses of (1) assault family violence enhanced with a previous conviction and (2) burglary of a habitation (Count I) and assault family violence enhanced with a previous conviction (Count II). The trial court granted the State's motion to consolidate the two indictments for trial. *See* TEX. PENAL CODE ANN. §§ 3.01, 3.02 (West 2021). In one cause, the jury found Appellant guilty of burglary

of a habitation and assessed his punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In the other cause, the jury found Appellant not guilty of assault family violence enhanced, but found him guilty of the lesser included offense of assault family violence, a Class A misdemeanor. For the misdemeanor conviction, the jury assessed punishment at 365 days in the Midland County jail. These appeals followed.

In his sole issue, Appellant submits that the trial court erred in admitting a prior California conviction for battery during the guilt/innocence phase of the trial absent more evidence linking Appellant to such conviction. Appellant contends that admission of the certified copy of the California conviction constituted reversible error, and he requests that we reverse Appellant's convictions and remand the causes for a new trial. We affirm.

*Background*

On November 10, 2019, Appellant met D.M., a person with whom he began a dating relationship. D.M. testified that on the day of the incident, Appellant looked through D.M.'s cell phone, "got mad about something that was on it," and threw the phone. Appellant then pushed her against the wall and put his knee on her, causing her pain. D.M. "went limp" and "sunk down to the ground," where she would have been in view of people in the apartment's courtyard. A witness confirmed that, on that day, she saw a couple fighting outside while she was walking her dog. The witness testified that the woman seemed upset and "looked like she was being dragged," so the witness called 9-1-1. The perpetrator of the assault approached the witness as she was talking to the 9-1-1 dispatcher and told the witness to put her phone away. D.M. confirmed that she saw "the lady walking her dog" and that, at that time, "[Appellant] ran off," which allowed D.M. to escape.

D.M. testified that, after her father left the apartment early the next morning, she saw Appellant outside of her bedroom window, upon which D.M. "got scared"

2

and called 9-1-1.  Before D.M. could speak to the dispatcher, Appellant forced his way through the apartment door, breaking the doorframe, and began yelling at her. D.M. testified that Appellant then "yank[ed] [her] around," pushed her down, held her down, and again put his knee on her.  Appellant then began walking around the apartment while yelling at her, and she was only able to escape when Appellant moved away from the front door.

During the guilt/innocence phase of trial, the State offered evidence of a prior California conviction for battery to prove Appellant's previous conviction of an offense involving family violence.  *See* PENAL § 22.01(b)(2)(A), (f) (previous conviction involving family violence elevates misdemeanor offense to a third-degree felony offense); *see also* CAL. PENAL CODE § 243(e)(1) (West 2014) (including battery against person who is parent of defendant's child).  Trial counsel objected on relevance grounds, stating that, "[u]nless the State can prove that that pertains to my client, I'll object to its admission."  We interpret Appellant's objection to be one of *relevance*, not authentication, of the California document.  Outside the presence of the jury, the State argued that the evidence, a certified copy of the complaint and judgment in the California case, was self-authenticating under Rule 902 of the Texas Rules of Evidence.  *See* TEX. R. EVID. 902(4).  Rule 902 does not relate to the relevance or weight of the proffered evidence.  An opponent to evidence that is self-authenticating may still object to the admissibility of the evidence on grounds such as relevance, hearsay, and prejudicial effect, and the opponent may present evidence for the jury to consider in deciding how much weight should be given to the self-authenticated document.  *See Wright v. Lewis*, 777 S.W.2d 520, 524 (Tex. App— Corpus Christi–Edinburg 1989, writ denied) (Rules 901 and 902 discuss only identification and authentication of evidence but in no way relate to admissibility of the contents of that evidence).

3

The State argued that the evidence was relevant because the complaint and judgment went to the jurisdictional element of the offense. *See* TEX. R. EVID. 401. There is an important difference "between a determination that a prior conviction has been sufficiently linked to a defendant to permit its admission and a determination that the evidence is sufficient to prove a prior conviction. The first inquiry is procedural and is primarily one of conditional relevancy, while the second inquiry is one of sufficiency." *Rosales v. State*, 867 S.W.2d 70, 72 (Tex. App.— El Paso 1993, no pet.). The State submitted that the documents reflected the defendant's name and date of birth, which were confirmed by D.M., "as well as his dealings in California." The State then offered, as an additional link to Appellant, a handwritten motion by Appellant that included a unique signature similar to the signature on the California judgment. Over trial counsel's further objections, the trial court admitted the complaint, the judgment, and a redacted copy of a handwritten motion signed by Appellant.

*Analysis*

In his sole issue in each appeal, Appellant contends that the trial court erred by admitting evidence of the California conviction without additional evidence linking Appellant to such conviction.

*A. Reviewing the Admission of Evidence - Generally*

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.— Eastland 2021, pet. ref'd) (citing *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019)). We will not reverse this decision if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *see also Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (stating that, if the trial court "operates within the boundaries of its discretion, an appellate court should not disturb its decision, whatever it may be").

4

The trial court is required to determine preliminary questions of admissibility as part of the court's gatekeeping role under Rule 104 of the Texas Rules of Evidence. TEX. R. EVID. 104(a). Accordingly, a trial court's determination that a prior conviction is sufficiently linked to the defendant such that the evidence may be admitted in front of the jury "is primarily [a question] of conditional relevancy" at the time the evidence is introduced. *Rosales*, 867 S.W.2d at 72; *accord Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd).

*B. Linking Appellant to the California Conviction - No Exclusive Means*

Alleging a prior conviction under Section 22.01(b)(2)(A) "invoke[s] the subject-matter jurisdiction of the district court." *Holoman v. State*, 620 S.W.3d 141, 146–47 (Tex. Crim. App. 2021). Therefore, the prior conviction constitutes an element of the offense that must be proved by the State in the guilt/innocence phase. *Id.* To prove a prior conviction, the State must present evidence "that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). However, proof that the defendant merely has the same name as the person previously convicted is not sufficient to satisfy the prosecution's burden. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). The State may use circumstantial evidence to prove the defendant is the same person named in the alleged prior convictions. *Human v. State*, 749 S.W.2d 832, 835–36, 839 (Tex. Crim. App. 1988).

The Court of Criminal Appeals has repeatedly held that the law does not require an exclusive means or "best evidence" rule to prove a prior conviction and a defendant's link to such a conviction. "Texas substantive law does not require that the fact of a prior conviction be proven in any specific manner." *Flowers*, 220 S.W.3d at 922; *see also Beck*, 719 S.W.2d at 210 (proof of prior convictions "often includes the use of a combination of methods"); *Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g) (overruling prior precedent "or any other case

5

[that] can be read as holding that there are *exclusive* manners of proof of a defendant's identity as to prior felonies used for enhancement"). The defendant's unique signature, submitted without expert testimony, may be used in conjunction with other evidence to prove that the defendant is the subject of a prior conviction. *See* Tex. Code Crim. Proc. Ann. art. 38.27 (West 2018) ("It is competent to give evidence of handwriting by comparison, made by experts or by the jury."); *Benton v. State*, 336 S.W.3d 355, 359 (Tex. App.—Texarkana 2011, pet. ref'd) (signature, name, date of birth, mother's name); *Orsag v. State*, 312 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (signature, fiancée testimony); *see also Prihoda v. State*, 352 S.W.3d 796, 809 (Tex. App.—San Antonio 2011, pet. ref'd) (finding links introduced by State insufficient but acknowledging that a "factfinder's comparison of signatures generally can be one piece of the evidentiary puzzle to link a defendant to a prior conviction even absent expert testimony"); *Rosales*, 867 S.W.2d at 73.

### C. The Jury Fits Together Evidentiary Pieces to the "Puzzle"

Here, the State offered certified copies of the complaint and judgment. One way to prove a prior criminal conviction is to provide "documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Flowers*, 220 S.W.3d at 922 (citing *Doby v. State*, 454 S.W.2d 411, 413–14 (Tex. Crim. App. 1970)). The State also offered a redacted certified copy of a handwritten motion signed and filed by Appellant in the trial court and testimony by D.M. and Midland Police Officer Chane Blandford as evidence that Appellant was the subject of the prior conviction. The judgment reflected a similarly spelled name, William Charles Frasier III, Appellant's date of birth, and Appellant's unique signature. In addition, the judgment demonstrated that the conviction occurred in San Bernardino County, California. The complaint bore the same cause number as the judgment and

demonstrated that a "William Charles Frasier III, aka William Charles Frasier, aka Williams Frasier," with Appellant's date of birth, was charged with battery of "a person who is the mother of the defendant's child." D.M. and Officer Blandford testified to Appellant's date of birth, which matched the date of birth listed in the California complaint and judgment. D.M. testified that Appellant had lived in California "his whole life" before moving to Texas. The State also introduced a handwritten motion that was filed in the Midland County district clerk's office in cause number CR54881; it bore Appellant's name, an assertion that he was the "Defendant in the above entitled and numbered cause," and Appellant's unique signature.

"[O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions." *Human*, 749 S.W.2d at 835–36. "The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle. The trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted." *Flowers*, 220 S.W.3d at 923 (footnote omitted). "[T]he important issue is not whether [the documentary evidence tendered] represents a judgment of conviction or its functional equivalent . . . , but whether a reasonable trier of fact could view [that evidence] and find beyond a reasonable doubt that 1) the alleged prior . . . conviction existed and 2) this conviction is linked to appellant." *Id.* at 924.

The trial court did not abuse its discretion when it admitted the complaint, the California judgment of conviction, and a redacted copy of a handwritten motion signed by Appellant for the jury's consideration. *See Benton*, 336 S.W.3d at 359–60. The documents were self-authenticating because each document constituted a certified copy of a public record. *See* TEX. R. EVID. 902(4). The evidence was relevant to a fact of consequence in the case—a jurisdictional element of the offense. *See* TEX. R. EVID. 401; *Rosales*, 867 S.W.2d at 72 (defendant's objection regarding admissibility based on link to prior is a question of conditional relevancy). The trial court had sufficient evidence before it that linked Appellant to the underlying prior conviction before admitting such evidence: the judgment, the complaint, the handwritten motion signed by Appellant, Appellant's date of birth confirmed by two witnesses, testimony that Appellant had lived in California "his whole life," and Appellant's unique signature. *See Beck*, 719 S.W.2d at 209–10; *Benton*, 336 S.W.3d at 359–60; *see also* CRIM. PROC. art. 38.27. The jury properly considered the totality of these pieces of evidence to determine whether those pieces fit together sufficiently to complete the puzzle regarding the prior conviction that bore on the issue of enhancement of the charge and the punishment permitted. Importantly, the jury found Appellant *not* guilty of assault family violence enhanced; rather, the jury found him guilty of the lesser included offense of assault family violence—unenhanced, a Class A misdemeanor. While the jury in its discretion could have used evidence of the California conviction to find Appellant guilty of a felony, the jury did not. "[W]here as in the instant case, the proof [of the defendant's prior conviction], though unorthodox, was clearly sufficient, no error will be found." *Littles*, 726 S.W.2d at 32. We overrule Appellant's sole issue in each appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS

JUSTICE


October 20, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.